IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES LUMPKINS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Case No. AW-09-1753 |
| | ) | |
| WASHINGTON METROPOLITAN AREA | ) | |
| TRANSIT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before this Court is Defendant's Motion to Dismiss (Doc. No. 4) and Plaintiff's Motion to Amend Complaint (Doc. No. 10). Plaintiff, James Lumpkins, brings this action alleging retaliation, racial discrimination, and hostile work environment in violation of Title VII, § 49B of the Maryland Declaration of Rights, and §1981. Plaintiff also alleges emotional distress. The Court has viewed the entire record as well as the pleadings with respect to this motion and finds that no hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2008). For the reasons discussed below, the Court will **GRANT** Defendant's Motion to Dismiss and **GRANT** Plaintiff's Motion to Amend Complaint.

**FACTUAL BACKGROUND**

James Lumpkins ("Plaintiff") is an African-American male that began working for Washington Metropolitan Area Transit Authority ("WMATA") as a bus garage mechanic in March 2001. In January 2007, Plaintiff submitted a written request to James Lacey asking for time off for the Martin Luther King, Jr. holiday on January 15, 2007. His request was denied on January 10, 2007. However, Barton Spicer, a white co-worker, was granted time off for the holiday. Plaintiff alleges that Barton Spicer should not have been granted time off because Mr.

1

Spicer was on leave from work during the first weeks of January and therefore could not have submitted the required written request for time off. Plaintiff filed an internal EEO complaint concerning this incident on January 19, 2007, with the WMATA civil rights office against his supervisor, James Lacey. A mediation hearing was conducted to resolve this issue. The mediator required James Lacey to apologize for granting Barton Spicer time off for the holiday and inexplicably required the Plaintiff to attend a "diversity" class.

     WMATA union employees must wait a requisite 12 months before promotion to a higher job level classification.[1] Barry Bassford, a white employee, was originally promoted from grade level C to B without waiting the requisite amount of time. No complaints or grievances were filed at that time, but co-workers complained to the union when Bassford was promoted from grade level B to A without waiting the requisite amount of time. As a result, Bassford's promotion was rescinded, but two weeks later, Bassford was promoted from the B level to the AA grade level. Plaintiff filed a grievance with WMATA in February 2007, referencing Bassford's accelerated promotion and was allegedly told that the company needed an AA and that Bassford was best qualified because he obtained the necessary training by completing his master tech ASE's. Plaintiff alleges that Bassford had not received his certificate by the date of his promotion.

     In May 2007, a co-worker, Kende Olgundiran, told Plaintiff that Bassford stated that he, Bassford, would be the new lead man and he intends to make life miserable for the Plaintiff. Bassford also allegedly stated that a person like Plaintiff "needs to be shot." Plaintiff then allegedly reported this information to his supervisors, and claims that nothing was done. He then

---

[1] "Union agreement Appendix D provides that twelve (12) months after an employee achieves a particular grade level (D, C, B, or A) they will advance to the next grade level, provided they have taken and passed the applicable written tests, acquired the applicable certifications and are not delayed in accordance with paragraph 4 of this agreement." (Compl. ¶ 5.)

2

called the general manager's hot line and made his complaint about Bassford's alleged threatening language. According to Plaintiff's complaint filed in this action, this resulted in Plaintiff being written up for "filing a false report" and ordered to attend a "violence in the workplace" class. In July 2007, after receiving his master tech AA, Plaintiff applied for a promotion to the AA level. He received a letter stating that he had been promoted to A level, not AA. Plaintiff filed a grievance with his union but was told that the union does not handle discrimination complaints and that he should file with the federal EEOC. Later in May 2008, Plaintiff applied for the permanent AA lead man position and was promoted in August 2008.

Plaintiff filed an EEOC charge of discrimination on April 3, 2009, and received his right to sue notice on June 5, 2009. Plaintiff filed a complaint with this court on July 6, 2009. Plaintiff's complaint consists of the following: (1) Count I, discrimination based on race, national origin, and sex under Title VII; (2) Count II, retaliation under Title VII; (3) Count III, hostile work environment under Title VII; and (4) Count IV, emotional distress.[2]

On August 10, 2009, defendant filed a motion to dismiss Plaintiff's complaint alleging that: (1) Plaintiff's claims are time barred and (2) Defendant has sovereign immunity in this suit. On August 18, 2009, Plaintiff filed its opposition to Defendant's motion to dismiss. On September 16, 2009, Plaintiff filed a charge of discrimination with the Prince George's County Human Relations Commission complaining about an incident involving Plaintiff's role as next in line lead man. On September 29, 2009, without proffering another right to sue notice, Plaintiff filed a motion to amend his complaint with this court. In his motion to amend, he alleges another count, Count V, of discrimination under Title VII, based on the incident reported in his September 16, 2009, complaint to the Prince George's County Human Relations Commission.

---

[2] Plaintiff also appears to bring his discrimination claims under Article 49B of the Maryland Declaration of Rights.

## STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Generally, a complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, the Supreme Court has directed courts that Rule 8 still requires a showing of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted).

## ANALYSIS

**I. Plaintiff Failed to Follow the Necessary Procedures when he Filed His Complaint and Motion to Amend Complaint.**

A plaintiff has 180 days after an alleged discriminatory practice occurs to file an EEOC charge, or 300 days if state or local agency proceedings are initiated. 42 U.S.C. § 2000e-5(e)(1). A plaintiff's failure to file a timely EEOC charge "precludes relief under Title VII." *Venkatraman v. REI Sys.*, 417 F.3d 418, 422 (4th Cir. 2005). After filing a charge with the EEOC, the plaintiff must wait 180 days for a Right to Sue letter. 42 U.S.C. § 2000e-5(f)(1). A plaintiff in a civil action under Title VII must allege and prove filing of a timely charge of discrimination with the EEOC together with receipt of, and action on, a statutory notice of his right to sue. *United Black Firefigthers*, 604 F.2d at 847.

**A. Plaintiff's April 3, 2009, EEOC Charge of Discrimination is Untimely.**

Plaintiff's complaint and EEOC charge of discrimination states that Defendant's alleged discriminatory acts occurred between January 19, 2007, and October 16, 2007. According to these dates, Plaintiff's period to file an EEOC charge terminated on April 13, 2008, and his period to file a local or state charge terminated on August 11, 2008. Plaintiff did not file his EEOC charge until April 3, 2009. This is 536 days after the alleged discriminatory acts and much longer than the requisite 180 days to file an EEOC charge and 300 days to file a state or local action. As such, because Plaintiff failed to timely file his EEOC charge against Defendant, the Court must dismiss counts I, II, and III of Plaintiff's complaint.

**B. Plaintiff Failed to Exhaust Administrative Remedies Before Filing Motion to Amend Complaint.**

Plaintiff filed a Motion for Leave to Amend Complaint (Doc. No. 10) in which he seeks to add a claim that Defendant discriminated against him between March 2009 and September

2009 regarding his responsibility as a next in line lead man. As an initial matter, the Court is reminded by the Fourth Circuit's ruling in *Galustian v. Peter*, that a plaintiff is permitted to file an amended complaint without leave of the court when the opposing party has not filed a responsive pleading. No. 09-1069 (4th Cir. Jan. 15, 2010) (holding that the district court erred in denying as moot plaintiff's motion to amend the complaint when defendant had not filed a responsive pleading and explaining that a motion to dismiss is not a responsive pleading.) Accordingly, the Plaintiff is entitled to amend his complaint once as a matter or right and thus the Plaintiff's additional claim for alleged discrimination will be considered by the Court.

However, as Defendant argues, Plaintiff's additional claim of discrimination fails to comply with the exhaustive procedures under Title VII. Plaintiff's amended complaint states that Plaintiff reported this incident to the Maryland Commission on Human Relations on September 16, 2009. Plaintiff filed his amended complaint on September 29, 2009. As outlined above, Title VII requires that a plaintiff wait 180 days after making its complaint for a right to sue letter before bringing his claim in federal district court. Accordingly, Plaintiff's claim for discrimination in his amended complaint must be denied as premature.

**II.     Defendant has Sovereign Immunity.**

Plaintiff also claims emotional distress against WMATA and claims that WMATA violated Article 49B of the Maryland Code. However, WMATA is an interstate compact agency that is protected under sovereign immunity with respect to certain claims. WMATA was created in 1966 by an interstate compact enacted and consented to by Congress and adopted by the state of Maryland, the District of Columbia, and the Commonwealth of Virginia. *Martin v. WMATA*, 667 F.2d 435 (4th Cir. 1981). Its purpose is to ensure the proper functioning and operation of a mass transit system in the Washington, D.C., metropolitan area. *Morris v. WMATA*, 781 F.2d

218, 219 (D.D.C. 1986).  The signatories of the compact intended to confer Eleventh Amendment immunity on WMATA.  *See Delon Hampton & Assoc. v. WMATA*, 943 F.2d 355, 359 (4th Cir. 1991).  An agency of the state shares the same privileges as that of the state, including sovereign immunity.  *See Beatty v. WMATA*, 860 F.2d 1117, 1126 (D.D.C. Cir. 1988).  However, as explained in *Lucero-Nelson v. WMATA*, "pursuant to the WMATA Compact, one signatory may not impose its legislative enactment upon the entity created by it without express consent of the other signatories and of the Congress of the United States."  1 F. Supp. 1, 7 (holding that WMATA has sovereign immunity against discrimination claims arising under the D.C. Human Rights Act); *see also Lizzi v. WMATA*, 845 A.2d 60 (Md. Ct. Spec. App. 2003).

The Fourth Circuit has identified a two-step inquiry into whether a given WMATA activity qualifies for immunity.  *James v. WMATA*, 649 F. Supp. 2d 424, 430 (D. Md. 2009).  "First, if [WMATA] is engaged in a quintessential governmental function, its activities fall within the scope of its immunity.  If [WMATA] is not engaged in such a governmental function, however, a court must proceed to the second inquiry, and it must determine whether the challenged activity is discretionary or ministerial."  *Id*.  If an activity is discretionary, then "[WMATA] is immune from any claim, 'however negligently caused, that affects the governmental functions.'"  *Id*.  Moreover, the District Court for the District of Columbia has explicitly held that WMATA has sovereign immunity with respect to emotional distress claims because the alleged wrongful conduct in such claims arises from a supervisor's conduct.  *Hopps v. WMATA*, 480 F. Supp. 2d 243, 256 (D.D.C. 2007).

Defendant's failure to grant Plaintiff's request for time off, which is the primary basis for defendant's suit, was certainly a discretionary decision.  Under the WMATA compact, Defendant is given broad power to "create and abolish . . . employment," and "provide for the

qualification, appointment, [and] removal . . . of its . . . employees without regard to the laws of any of the signatories. Md. Code Ann. Trans. § 10-204(12)(g). Under the alleged facts, Defendant used its discretion to determine which employee was best fit to temporarily fill a vacant position. As such, Plaintiff's claims stem from WMATA's discretionary decisions. Moreover, as clearly articulated in *Hopps* and *Lucero-Nelson*, Plaintiff's emotional distress claim and Article 49B claim under the Maryland Code are clearly barred by WMATA's sovereign immunity. Thus, Defendant is entitled to sovereign immunity.

## **CONCLUSION**

For the foregoing reasons, this Court will **GRANT** Defendant's Motion to Dismiss and **GRANT** Plaintiff's Motion to Amend Complaint. A separate order shall follow this Memorandum Opinion.

<u>January 29, 2010</u>　　　　　　　　　　　　　　　　　　　　　　　　　<u>         /s/         </u>
　　Date　　　　　　　　　　　　　　　　　　　　　　　　　　　　Alexander Williams, Jr.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge